```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              Criminal No. 15-278(1)(DSD/TNL)
```

United States of America,

        Plaintiff,

v.                                        **ORDER**

Jesus Pacheco Estudillo,

        Defendant.

    Bradley M. Endicott, DOJ-USAO, 316 N. Robert Street, 404 U.S. Courthouse, Saint Paul, MN 55116, counsel for plaintiff.

    Jesus Pacheco Estudillo, #18808-041, CI-McRae, P.O. Drawer 55030, McRae Helena, GA 31055, defendant pro se.

This matter is before the court upon the pro se motion by defendant Jesus Pacheco Estudillo to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On March 3, 2016, Estudillo pleaded guilty to conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. During the plea hearing, defendant acknowledged that he understood that he faced a statutory minimum sentence of ten years' imprisonment and that he might qualify for application of the safety valve, 18 U.S.C. § 3553(f)(1)-(5), which would allow the court to sentence him below

the mandatory minimum.[1] Plea H'rg Tr. at 5:10-17, 6:6-7:24. At sentencing, the court determined that Estudillo was not eligible for the safety valve - despite his counsel's argument to the contrary - because the record did not support a finding that he had provided the government with truthful information concerning the offense.[2] Sentencing H'rg Tr. at 5:5-8, 11:24-12:8; ECF No. 267. Accordingly, the court determined that Estudillo's guideline range was 120-135 months and sentenced him to the mandatory minimum of 120 months' imprisonment. ECF Nos. 270, 271. Estudillo did not appeal his sentence.

In January 2018, Estudillo filed the instant motion, arguing that his counsel was constitutionally ineffective for three reasons: (1) his counsel at sentencing failed to file a notice of appeal; (2) his counsel at the time of the guilty plea inaccurately advised him that he would receive a three-point reduction for acceptance of responsibility; and (3) his counsel at sentencing failed to argue for application of the safety valve. He argues that an evidentiary hearing is necessary to resolve the issues. The government opposes the motion and request for an evidentiary

---

[1] At the plea hearing, Estudillo was represented by Robert Lengeling. Lengeling later moved to withdraw as counsel and the court granted the motion. ECF Nos. 240-41. Thereafter, and through sentencing, Estudillo was represented by Shannon Elkins of the Officer of the Federal Defender. ECF No. 242.

[2] At the hearing, the court gave Estudillo another chance to proffer to the government and earn safety-valve eligibility, but he declined to do so. Sentencing H'rg Tr. at 8:20-10:9.

hearing.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. <u>See</u> 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." <u>Sanders v. United States</u>, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because all of Estudillo's claims are patently meritless.

**I. Ineffective Assistance of Counsel**

To show that he received ineffective assistance of counsel, Estudillo must meet both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). <u>See</u> <u>United States v. Williams</u>, 562 F.3d 938, 941 (8th Cir. 2009). First, Estudillo must

3

show that his counsel's performance was so deficient that it was objectively unreasonable. Strickland, 466 U.S. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, Estudillo must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694. Neither prong is met here.

### A. Notice of Appeal

Estudillo first argues that his counsel at the time of sentencing, Shannon Elkins, was ineffective in failing to file a notice of appeal. The record establishes, however, that he declined to appeal his sentence. Ms. Elkins's contemporaneous notes establish that she met with Estudillo immediately following sentencing and explained that there was no basis for appeal given that the court sentenced him to the mandatory minimum. Elkins Aff. ¶ 7; id. Ex. A. Estudillo agreed and chose not to appeal. Elkins Aff. ¶ 7; id. Ex. A. Estudillo's recent statements to the contrary are not credible in light of this compelling evidence.

### B. Acceptance of Responsibility

Estudillo next argues that his counsel at the time of the guilty plea, Robert Lengeling, was ineffective because he inaccurately told him that he would receive a three-point reduction for acceptance of responsibility. Estudillo is incorrect; he did in fact receive a three-point reduction at sentencing. ECF No. 225 ¶¶ 40-41; ECF No. 271 at 1.

### C. Safety Valve

Estudillo lastly argues that Elkins was ineffective in failing to argue for application of the safety valve. The facts are again contrary to his argument. Elkins advocated for the safety valve in her papers and during the sentencing hearing and even conferred with him at sentencing about the possibility of attempting another proffer. Sentencing H'rg Tr. at 5:5-8, 9:4-10:7; ECF No. 267.

Because all of Estudillo's arguments are contradicted by the record, the court finds that his motion is baseless and must be denied.

## II. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

483–84 (2000). As discussed, the court is firmly convinced that Estudillo's claim is baseless, and that reasonable jurists could not differ on the result given the nature of defendant's arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 289] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 5, 2018

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court